**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4283**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

DONALD R. SCHAEFER,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence.  R. Bryan Harwell, District Judge. (4:05-cr-01133-RBH-1)

Submitted:  February 27, 2012          Decided:  March 8, 2012

Before DUNCAN, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

T. Kirk Truslow, TRUSLOW LAW FIRM, LLC, North Myrtle Beach, South Carolina, for Appellant.  William E. Day, II, Assistant United States Attorney, Florence, South Carolina, Carrie Fisher Sherard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Donald R. Schaefer appeals his convictions and 192-month aggregate sentence for Social Security fraud, mail fraud, wire fraud, and aggravated identity theft. Schaefer's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), in which he states that he has divined no meritorious grounds for appeal but requests that we review Schaefer's convictions for sufficiency of the evidence and his sentence for error. Schaefer has filed a pro se supplemental brief. Having reviewed the record, we affirm the judgment of the district court.

When a defendant challenges the sufficiency of the evidence on appeal, we view the evidence and all reasonable inferences in favor of the government and will uphold the jury's verdict if it is supported by "substantial evidence." United States v. Cameron, 573 F.3d 179, 183 (4th Cir. 2009). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). Our review of the record convinces us that sufficient evidence was presented at trial to support each of Schaefer's convictions.

As for Schaefer's sentence, we review it for reasonableness, applying an abuse of discretion standard.

*Gall v. United States*, 552 U.S. 38, 51 (2007). Where, as here, the district court imposes a departure sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Hernandez-Villanueva*, 473 F.3d 118, 123 (4th Cir. 2007). When reviewing the reasonableness of an upward departure sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. Thus, even if we could have reasonably reached a different sentencing result than that arrived at by the district court, "this fact alone is 'insufficient to justify reversal of the district court.'" *United States v. Pauley*, 511 F.3d 468, 474 (4th Cir. 2007) (quoting *Gall*, 552 U.S. at 51). Our review of Schaefer's sentence persuades us that it is both procedurally and substantively reasonable, and we accordingly decline Schaefer's invitation to disturb it here.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal.[*] We therefore affirm the district court's judgment.

---

[*] We have carefully reviewed each of the contentions raised by Schaefer in his pro se supplemental brief and find that they are each without merit.

This court requires that counsel inform Schaefer, in writing, of the right to petition the Supreme Court of the United States for further review. If Schaefer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Schaefer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED